The document below is hereby signed.

Signed: August 16, 2018

*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA
```

In re                         )
                              )
DARLENE PORTER,               )    Case No. 17-00678
                              )    (Chapter 13)
            Debtor.           )    Not for publication in
                              )    West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER RE DEBTOR'S OBJECTION TO BB&T'S
PROOF OF CLAIM AND DIRECTING BB&T TO AMEND ITS PROOF OF CLAIM

The debtor has objected to the amended proof of claim filed by Branch Banking & Trust Company ("BB&T") for an unsecured claim for $3,958.52. The claim is based on an amended judgment entered against the debtor in a state court on July 11, 2011, in favor of Lendmark Financial Services.[1] The objection to the proof of claim alleges that BB&T lacks standing to pursue the claim because it has not shown that it is an assignee of the judgment. The court will require BB&T to file an amended proof of claim attaching proof of the assignment of the judgment to BB&T.

---

[1] The original proof of claim asserted that the claim was secured. In response to an objection that the claim is not secured, BB&T filed the amended proof of claim asserting the claim as an unsecured claim.

I

The website for Lendmark Financial Services indicates:

> Lendmark Financial Services was organized in 1996 as a subsidiary of First Liberty Bank of Macon, GA. In the summer of 2000, First Liberty Bank and its subsidiaries (including Lendmark) were acquired by Branch Banking and Trust Company (BB&T) of Winston-Salem, NC.  Most recently, Lendmark was sold by BB&T in the fall of 2013 to a private equity firm in New York, NY.

A judgment obtained by Lendmark Financial Services would have remained property of Lendmark Financial Services (as a separate subsidiary of BB&T) and not property of BB&T, unless Lendmark transferred the judgment to its parent corporation, BB&T.  The account record attached to the proof of claim bears an entry noting "Assigned December 7, 2017," a date (two days after the commencement of the bankruptcy case) that is after the fall of 2013, the time in which the Lendmark Financial Services website indicates that Lendmark Financial Services was sold by BB&T.  It is thus likely that any assignment of the judgment was via a separate writing, and not incident to a merger.

The debtor listed Lendmark Financial Services Inc. as a creditor in the case and the clerk sent that entity notice of the commencement of the case, but that entity did not file a proof of claim.  An officer of BB&T signed the proof of claim under penalty of perjury, thereby attesting that BB&T is the transferee of the judgment, but BB&T did not attach any writing evidencing the assignment.

The lack of an attachment evidencing the assignment of the judgment to BB&T would not itself invalidate the claim, even if, as further discussed below, Rule 3001(c)(1) requires such an attachment.  Failure to comply with Rule 3001(c)(1) is not one of the specified grounds under 11 U.S.C. § 502(b) for disallowing a claim.

The debtor's affidavit filed with the current objection indicates that the debtor is unaware of any assignment of the judgment to BB&T.  That does not show that the judgment was *not* assigned to BB&T, and by itself would not suffice to show that the claim is invalid.[2]  However, BB&T has not responded to the objection to its claim, and unless the claim complied with Rule 3001(c)(1), it is not entitled to a presumption under Fed. R. Bankr. P. 3001(f) that it is prima facie correct such as to require the debtor to rebut the claim's validity.  The objection

---

[2] Under Fed. R. Bankr. P. 9011(b)(3), the debtor's attorney's signing of the objection was a certification that to the best of her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the objection's factual contentions "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." If proof of the assignment was readily available from BB&T upon request, and there was no such request or other investigation, then mere speculation that there was no assignment (based on the debtor never having been notified that the judgment was transferred) would probably not constitute a reasonable inquiry under Rule 9011(b)(3).  Nevertheless, the debtor would still be entitled to make such inquiry, and in practical effect the court's order will effect such an inquiry on the debtor's behalf.

to claim thus raises the issue of whether Fed. R. Bankr. P. 3001(c)(1) requires the assignee of a judgment to attach to the proof of claim a writing evidencing the assignment of the judgment.

                                II

Under Fed. R. Bankr. P. 3001(f) "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." With an exception of no relevance here, Fed. R. Bankr. P. 3001(c)(1) provides that "when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Moreover, Fed. R. Bankr. P. 3001(a) provides that "[a] proof of claim shall conform substantially to the appropriate Official Form." In turn, the relevant form, Official Form 410, requires a claimant to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." BB&T did not attach to its amended proof of claim any writing whereby the judgment was assigned to it.

However, the claim is based on the judgment, and assignment

of the claim is arguably a different matter.  The pertinent rule regarding transferred claims is Fed. R. Bankr. P. 3001(e), which requires a transferee of a claim to attach evidence of the transfer if the transfer occurred after a proof of claim was filed, and sets forth no such requirement if the transfer, as here, occurred before any proof of claim was filed.  Rule 3001(c)(1), when read in light of Rule 3001(e), arguably does not require a transferee of a claim to include with the proof of claim evidence of the assignment if no prior proof of claim has been filed.  However, the decisions are split on the issue. *Compare In re Kincaid*, 388 B.R. 610, 616 (Bankr. E.D. Pa. 2008) (holding that Rule 3001(c)(1) requires attachment to the proof of claim of evidence of the assignment); *In re O'Brien*, 440 B.R. 654, 662 (Bankr. E.D. Pa. 2010) *superceded by Rule*, Fed. R. Bankr. P. 3001(c)(3) *as recognized In re Umstead*, 490 B.R. 186 (Bankr. E.D. Pa. 2013)[3] (holding "that, for purposes of Rule 3001(c), a proof of claim filed by an assignee is 'based,' in part, on the assignment.  Therefore, to satisfy Rule 3001(c) and obtain prima facie evidentiary status under Rule 3001(f), an assignee filing a proof of claim must attach the written assignment or set forth a summary of the document.") *with In re*

---

[3] The court recognized in *Umstead*, 490 B.R. at 194-96 that Rule 3001(c)(3), added in 2012, treats credit card and open-end credit account claims differently from other claims based on a writing.  However, the analysis of *O'Brien* is still applicable to other claims based on a writing.

5

*Cox*, No. 06-11717-CAG, 2007 WL 4219407, at *4 (Bankr. W.D. Tex. Nov. 28, 2007) (holding that Rule 3001(c)(1) imposes no such requirement); *In re Relford*, 323 B.R. 669, 680-81 (Bankr. S.D. Ind. 2004), *on reconsideration* (Apr. 18, 2005), *as amended* (Apr. 26, 2005) (holding on reconsideration that Rule 3001(c)(1) imposes no such requirement).  For reasons that follow, I need not decide the issue.

                                III

In a prior order, I dismissed an objection to BB&T's original proof of claim for lack of proper service, and stated that the amended proof of claim (which had been filed in the interim) is prima facie valid.  If Rule 3001(c)(1) *did* require BB&T to attach evidence of the assignment, the statement was erroneous and may have misled BB&T.

Accordingly, if Rule 3001(c)(1) *did* require BB&T to attach evidence of the assignment, BB&T should be allowed to amend its proof of claim to attach evidence of the transfer in order that the claim may have a presumption of prima facie validity under

Rule 3001(f).[4]  I will enter an order directing BB&T to amend its proof of claim within 35 days to append written documentation of the assignment to it of the judgment.  If it fails to amend its proof of claim by appending such documentation, I will disallow the claim based on its failure to respond to the objection to the claim.

 Even if Rule 3001(c)(1) did *not* require BB&T to attach written evidence of the assignment, and the claim is already prima facie valid, I will issue the same order as an appropriate way of attempting to dispose of this matter.  The debtor is entitled not to pay BB&T's claim if the debtor can show that BB&T is not an assignee of the judgment.  The debtor is entitled to make inquiry to attempt to gather evidence to rebut the prima facie validity of the proof of claim.  Because BB&T has not responded to the objection, the debtor arguably cannot serve on BB&T a request under Fed. R. Civ. P. 34 for BB&T as a party to produce proof of the assignment.  The debtor would have to serve

---

[4] Often a creditor is located a great distance from the bankruptcy court in which it has filed its proof of claim.  A creditor ought to be allowed to rely upon any prima facie validity of its proof of claim without the necessity of filing a response to the objection to its claim (and incurring, as would be required in the case of a corporate creditor, the expense of hiring an attorney to file the response).  In turn, when a claim is prima facie valid, the debtor ought to be required to rebut the prima facie validity of the proof of claim if the claim is to be disallowed: the debtor would be required to produce some evidence showing that the claim is invalid, thereby negating the prima facie validity of the claim.  The creditor would then bear the ultimate burden of proving the validity of its claim.

a subpoena on BB&T for production of such proof.  That is a cumbersome and expensive means of obtaining such proof, and it is arguably unfair to the debtor to be put to serving a subpoena based on BB&T having failed to respond to the objection to the claim, thus preventing the debtor from using the relatively simple approach of a request under Fed. R. Civ. P. 34 to produce proof of the assignment.  If BB&T fails to comply with the order directing BB&T to amend its proof of claim to append written documentation of the assignment to it of the judgment, a fair inference will be that there was no assignment, and I will sustain the objection to the claim.  Disallowing the claim in that circumstance would be the equivalent of imposing disallowance as a sanction under Fed. R. Civ. P. 37(d) if BB&T had responded to the objection to the proof of claim but later failed to respond to a request under Fed. R. Civ. P. 34 to produce proof of the assignment.[5]

In light of the foregoing, it is

ORDERED that within 35 days after entry of this order, BB&T must:

>  (1) file an amended proof of claim that appends the writing assigning the judgment to it or, if the writing has

---

[5] If BB&T amends it proof of claim to attach a writing that effected the assignment of the judgment to BB&T, I will require the debtor to produce evidence rebutting the claim's prima facie validity.

8

been lost or destroyed, a statement of the circumstances of the loss or destruction; or

    (2) file an amended proof of claim that appends a statement explaining how the judgment was assigned to it other than via a writing,

and if it fails to do so, the objection to the claim will be sustained.

[Signed and dated above.]

Copies to: Recipients of e-notifications;

Branch Banking & Trust Company, Bankruptcy Section
P.O. Box 1847, 100-50-01-51
Wilson, NC 27894

Erika W. West
Banking Officer
Branch Banking & Trust Company
P.O. Box 1847, 100-50-01-51
Wilson, NC 27894

Christopher L. Henson
President, CEO
Branch Banking & Trust Company
200 West 2nd Street
Winston Salem, NC 2710